**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

PNC BANK, National Association, as
successor-in-interest to RBC BANK
(USA), as successor-in-interest to
COMMUNITY BANK OF NAPLES,
N.A., a national banking association,

       Plaintiff,

v.                                   Case No. 2:13-cv-280-FtM-29UAM

FRP, LLC, a Florida limited liability
company; RAY F. ANDERSON; FRANK
J. RUBINELLI; PETER E. SHOUP; and
RICHARD A. VETTER,

       Defendants.
_____ /

**SECOND AMENDED COMPLAINT**

    Plaintiff, PNC BANK, National Association, as successor-in-interest to RBC

BANK (USA), as successor-in-interest to COMMUNITY BANK OF NAPLES, N.A., a

national banking association ("PNC" or "Plaintiff"), sues Defendants FRP, LLC, RAY F.

ANDERSON, FRANK J. RUBINELLI, PETER E. SHOUP, and RICHARD A. VETTER

and states:

**JURISDICTION, PARTIES AND VENUE**

    1.    Count I of this Second Amended Complaint is an action to foreclose a

mortgage on property located in Lee County, Florida; Count II of this Second Amended

Complaint is an action for damages that exceeds $75,000 based on a breach of certain

written guaranty agreements; and Count III of this Second Amended Complaint is an

action for damages exceeding $75,000 based on breach of a promissory note.

2.      This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and this action is between citizens of different states.  Venue is proper pursuant to 28 U.S.C. § 1391.

3.      Plaintiff, PNC, is a national banking association with its headquarters in Pittsburgh, Pennsylvania.  PNC's main office is located in Wilmington, Delaware.

4.      Defendant, FRP, LLC ("FRP"), is a Florida limited liability company, with its principal place of business in Florida.   FRP's members are Ray F. Anderson, Frank Rubinelli, Peter E. Shoup, and Richard A. Vetter, each of whom is domiciled in and resides in the State of Florida.

5.      Defendant, RAY F. ANDERSON ("Ray Anderson"), is a citizen of the United States domiciled in Florida, and is, and was at all times material hereto, *sui juris*.

6.      Defendant, FRANK J. RUBINELLI ("Frank Rubinelli"), is a citizen of the United States domiciled in Florida, and is, and was at all times material hereto, *sui juris*.

7.      Defendant, PETER E. SHOUP ("Peter Shoup"), is a citizen of the United States domiciled in Florida, and is, and was at all times material hereto, *sui juris*.

8.      Defendant, RICHARD A. VETTER ("Richard Vetter"), is a citizen of the United States domiciled in Florida, and is, and was at all times material hereto, *sui juris*.

## THE LOAN, LOAN DOCUMENTS, AND PROPERTY

9.  On January 30, 2004, Community Bank of Naples, N.A. ("Community Bank of Naples") made a loan in the original principal amount of $1,760,000 to FRP to finance real property in Bonita Springs, Florida (the "Loan") and FRP executed and delivered a Promissory Note (the "Original Note") in the original principal amount of $1,760,000 to Community Bank of Naples, a copy of which is attached as Exhibit "A."

10.  To secure repayment of the Original Note, Defendant FRP executed and delivered to Community Bank of Naples a Mortgage dated January 30, 2004 (the "Mortgage"), which was recorded on February 5, 2004 in Official Records Book 04191, Page 4075 of the Public Records of Lee County, Florida and mortgaged the property described in it, then owned by and in the possession of the mortgagor. A copy of the Mortgage is attached hereto as Exhibit "B."

11.  The Original Note and Mortgage described in the preceding two paragraphs have been amended and modified by the following:

(i)  Renewal Note dated August 5, 2005, a copy of which is attached hereto as Exhibit "C";

(ii)  Renewal Note dated October 5, 2005, a copy of which is attached hereto as Exhibit "D";

(iii)  Renewal Note dated October 5, 2006, a copy of which is attached hereto as Exhibit "E";

(iv)  Renewal Note dated October 5, 2007, a copy of which is attached hereto as Exhibit "F";

(v)     Loan Modification Agreement dated March 13, 2008, a copy of which is attached hereto as Exhibit "G"; and

(vi)    Forbearance Agreement dated January ___, 2009, a copy of which is attached hereto as Exhibit "H."

The Original Note and Mortgage described in paragraphs 9 and 10 above, as modified and supplemented by the loan documents set forth in (i) through (vi) above are hereinafter referred to as the "Note and Mortgage."

12.     The property subject to the lien of the Mortgage sought to be foreclosed in this action is vacant land located in Bonita Springs, Lee County, Florida, which is described in the Notice of Lis Pendens filed in this action and is hereinafter referred to as the "Property."

13.     The Property is presently owned by Defendant, FRP.

**COUNT I**
**ACTION TO FORECLOSE MORTGAGE**

14.     This is an action to foreclose the Mortgage on the Property in Lee County, Florida.

15.     The Property subject to the lien of the Mortgage sought to be foreclosed herein is fully described in the Notice of Lis Pendens filed in this action on April 11, 2013.

16.     The allegations of paragraphs 1 through 13 are realleged and incorporated by reference herein.

17.     Pursuant to the terms of the Note and Mortgage, Defendant FRP defaulted on the Note and Mortgage by failing to pay the full amount due on the Note on October 5, 2008, which was the maturity date of the Note.

18.     Pursuant to the Forbearance Agreement described in paragraph 11(vi) above, PNC provided FRP with additional time through September 5, 2009 to pay off the Note and Mortgage, but FRP still failed to pay off the monies due to PNC on the Note and Mortgage. The loan has remained in default since October 5, 2008.

19.     Plaintiff PNC, as successor-in-interest by merger to RBC BANK (USA) ("RBC") which was the successor-in-interest to Community Bank of Naples, is the owner and holder of the Note and Mortgage.  Specifically, on April 11, 2008, RBC acquired the assets of Community Bank of Naples including, but not limited to, the Note, Mortgage and Guaranties at issue in this Second Amended Complaint, and Community Bank of Naples was merged into RBC as reflected by RBC's filings with the Securities & Exchange Commission.  Subsequently, on March 2, 2012, RBC was merged into PNC, and PNC is now the owner and holder of the Note, Mortgage and Guaranties at issue, as evidenced by PNC's filings with the Securities & Exchange Commission.  In short, PNC acquired the assets of RBC as of March 2, 2012 including, but not limited to, the Note, Mortgage and Guaranties described in this Second Amended Complaint; presently, PNC owns and holds the Note, Mortgage and Guaranties at issue.

20.     Pursuant to the terms of the Note and Mortgage, Defendant FRP owes Plaintiff $1,757,164.44 that is due in principal on the Note and Mortgage, accrued and

unpaid interest at the rate of 4.5% per annum provided for in the Note, attorney's fees, title search costs and other monies.

21.     By reason of the aforesaid defaults under the Note and Mortgage, Plaintiff PNC has been required to employ the undersigned law firm to collect the indebtedness due to Plaintiff under the Note and Mortgage and to institute and prosecute this action; for such employment, Plaintiff has agreed to pay its counsel a reasonable attorney's fee.  All costs and reasonable attorney's fees incurred in attempting to collect the indebtedness due to Plaintiff on the Note are, under the terms of the Mortgage, secured by the lien of Plaintiff's Mortgage.

22.     All conditions precedent to the maintenance of this action have been performed or have occurred.

WHEREFORE, Plaintiff, PNC, demands a determination of the sum due to it under the Note and Mortgage, and if the sum is not paid within the time set by this Court, that the Property be sold to satisfy Plaintiff's claim, and the estate of Defendant FRP and all persons claiming under or against said Defendant since the filing of the Notice of Lis Pendens be found subordinate to Plaintiff's Mortgage lien and foreclosed and, if the proceeds of a foreclosure sale are insufficient to pay Plaintiff's claim, a deficiency judgment.

**COUNT II**
**ACTION ON GUARANTY AGREEMENTS**
**(RAY ANDERSON, FRANK RUBINELLI, PETER SHOUP, RICHARD VETTER)**

23.     This is an action for damages in excess of $75,000 exclusive of interest, costs and reasonable attorney's fees.

24.     The allegations of paragraphs 1 through 11 and paragraphs 17 through 22 are realleged and incorporated by reference herein.

25.     On January 30, 2004, Defendants, Ray F. Anderson, Frank J. Rubinelli, Peter E. Shoup, and Richard Vetter (the "Guarantors"), each executed and delivered to Community Bank of Naples Commercial Guaranties, which were amended, modified and restated on October 5, 2005 and October 5, 2006 (the "Guaranties"), copies of which are attached collectively as Composite Exhibit "I."  The Guaranties unconditionally guarantee full payment to Plaintiff of all amounts due under the Note and Mortgage.

26.     Plaintiff PNC, as successor-in-interest by merger to RBC, as successor-in-interest by merger to Community Bank of Naples, is the owner and holder of the Guaranties.

27.     By virtue of their execution of the Guaranties, the Guarantors are liable to Plaintiff for the sum found by this Court to be due to Plaintiff under the Note and Mortgage.  Pursuant to the Guaranties, the Guarantors are also liable to Plaintiff for all attorney's fees and costs Plaintiff incurs in attempting to collect the unpaid indebtedness due on the Note and Mortgage.

WHEREFORE, Plaintiff, PNC, demands judgment against Defendants Ray F. Anderson, Frank J. Rubinelli, Peter E. Shoup, and Richard Vetter for the principal sum of

$1,757,164.44, accrued and unpaid interest thereon, costs, reasonable attorney's fees and such other and further relief as is just and proper.

## COUNT III
## ACTION ON PROMISSORY NOTE

28.    This is an action for damages in excess of $75,000 exclusive of interest, costs and reasonable attorney's fees.

29.    The allegations of paragraphs 1 through 11 and paragraphs 17 through 22 are realleged and incorporated by reference herein.

30.    By virtue of its execution of the Note, Defendant FRP is personally liable for full payment of all amounts due to Plaintiff PNC under the Note and Mortgage.

WHEREFORE, Plaintiff, PNC, demands judgment against Defendant FRP for the principal sum of $1,757,164.44, accrued and unpaid interest thereon, costs, reasonable attorney's fees and such other and further relief as is just and proper.

Dated:  September 20, 2013.                 Respectfully submitted,

/s/ M. Derek Harris
John R. Hart
Florida Bar No. 612553
E-mail: jhart@carltonfields.com
M. Derek Harris
Florida Bar No. 097071
E-mail: mdharris@carltonfields.com
**CARLTON FIELDS, P.A.**
CityPlace Tower – Suite 1200
525 Okeechobee Boulevard
West Palm Beach, FL 33401
Telephone: (561) 659-7070
Facsimile: (561) 659-7368

*Attorneys for Plaintiff, PNC BANK, National Association, as successor-in-interest to RBC BANK (USA), as successor-in-interest to COMMUNITY BANK OF NAPLES, N.A., a national banking association*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing filing was served via ECF on

the following counsel this 20th day of September, 2013:

> Lawrence E. Pecan, Esquire
> Joe M. Grant, Esquire
> Marshall Grant, PL
> 197 South Federal Highway, Suite 300
> Boca Raton, FL 33432
> lpecan@marshallgrant.com
> *Counsel for Defendants, Ruby*
> *Place Commercial*
> *Condominium, LLC, and Ruby*
> *Construction, Inc.*

By: /s/ M. Derek Harris
M. Derek Harris
Florida Bar No.: 097071